# THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, v. ANNA M. COX, DEFENDANT.

21 47
79 564

*Hearsay evidence—when inadmissible—the rule as to the admission of a whole conversation, where part of it is called out, explained—cross-examination of witness —when party cannot discredit witness by contradicting his testimony as to new matter drawn out on.*

The defendant was tried and convicted of administering poison to the wife and children of one Taft, with intent to kill them. On the evening of January 26, 1879, a woman delivered at Taft's house, a letter purporting to come from him, enclosing several small packages, of what purported to be medicine, but was in fact poison, and instructed her to administer the contents thereof to herself and children. The letter was delivered a few minutes before seven, of a dark evening, and the woman could only be identified by her voice, which was heard by Taft's eldest son, who opened the door, and by Taft's wife, who was in the house.

Mrs. Taft having testified that she recognized the voice to be that of the accused, was asked, on her cross-examination, if she did not ask the son, when he came back into the room, who it was that brought the letter, and answered that she did. She was then asked by the prosecution, "What was said between Willie and you, about who it was that brought the medicine," and was allowed, against the accused's objection and exception, to testify that Willie said it was Anna Cox, the accused.

*Held,* that the declaration of the son to his mother was mere hearsay, and that, as there was nothing in the testimony which made his answer competent by way of qualification or explanation, the court erred in admitting it.

The mother of the accused was called by the defense, and gave evidence tending to show that Anna was at home at the time the letter was delivered. Having stated on cross-examination that she did not know that Anna wrote a letter on the morning of the day the one in question was delivered, she was asked whether she did not tell certain persons named, that Anna had written a letter on the morning of that day, and replied that she did not. Subsequently, these persons were called, and allowed, against the accused's objection and exception, to testify that the mother had told them that Anna had written a letter on the morning of that day.

*Held,* that the mother having made no reference to the writing of the letter on her direct examination, the people, by attempting to prove by her that the daughter had written one on the day in question, made her for that purpose their own witness, and could not thereafter discredit her testimony, in regard to it, by showing contradictory statements made to other persons, when not under oath.

The right to cross-examine a witness as to any fact, for the purpose of discrediting him, by contradicting his testimony by other witnesses, is

limited to those matters which tend to contradict, discredit, vary, qualify or explain the testimony given by the witness, on direct examination.

CERTIORARI to the Erie Court of Sessions to bring up the conviction of the defendant for a felony.

The defendant was convicted of administering poison to the wife and children of one Taft, with intent to kill. Taft lived in Clarence. He was away from home on Sunday, the 26th of January, 1879. On the evening of that day a woman delivered at Taft's house a letter, purporting to have been written by Taft to his wife, inclosing some small packages, purporting to contain potions of medicine, and instructing her to administer them to herself and her children. The packages contained a deadly poison. The letter was delivered about fifteen minutes before seven, in the evening. The evening was dark, and the person who delivered the letter could not be identified by her features, or otherwise, except by her voice. She was met at the door by William Taft, the oldest child, and the letter was delivered to him, and the woman spoke to him, and was heard by Mrs. Taft, who was in the house.

The prosecution insisted, and gave evidence tending to prove that the accused was the person who delivered the letter containing the poison. She denied the charge, and gave evidence tending to sustain her denial. That issue was an important one in the case.

Mrs. Taft, called as a witness by the prosecution, testified on her direct examination: " I recognized the voice ; . . . it was the voice of Anna Cox." On her cross-examination she was asked by the defendant's counsel, if she did not ask the boy when he came back into the room, " Who was it that brought the letter ?" and she said she did. On a re-examination by the counsel for the people, she testified that after Willie came back into the room with the letter, she and Willie talked about who it was that brought the letter. The counsel for the people then asked her: " What was said between Willie and you about who it was that brought the medicine ?" This was objected to by the counsel for the accused, as a conversation between third parties. The court overruled the objection ; ·the counsel for the accused excepted, and the witness testified that Willie said it was Anna Cox.

Sarah Cox, the mother of the accused, was sworn as a witness

for the defense, and gave evidence tending to show that Anna was at home at the time when the letter was delivered at Taft's. On her cross-examination by the prosecutor, she was asked if she did not know that Anna had been writing a letter on the day the letter was delivered; and if Anna did not tell her she had been writing, and she answered in the negative. She was also asked if she did not tell Mrs. Beman, on the day that Anna was arrested, that Anna had been writing a letter on the day the letter was delivered at Taft's, and also, if she did not tell Mrs. Shope the same thing, and she testified that she did not. Mrs. Beman was called as a witness by the prosecutor, and was asked by him if Mrs. Cox, on the occasion of Anna's arrest, said that Anna had been writing a letter on the afternoon of the 26th of January. This was objected to by the prisoner's counsel, on the ground that the inquiry was collateral, and raised by the prosecutor, and the prosecution was concluded by the answer of the witness, Mrs. Cox. The court overruled the objection, and the defendant's counsel excepted. The witness said she did. Other similar questions were put to Mrs. Beman and Mrs. Shope, and were answered in like manner, under like objections and exceptions.

*R. C. Titus*, district attorney, for the people. The evidence as to the conversation between the mother and son was competent, as being the whole of a conversation called out by the cross-examination of the people's witness. (2 Wait Law and Practice, 1 ed., 485; 1 Greenleaf Ev., § 467; Roscoe's Crim. Ev., 7 ed., 124; *Rouse* v. *Whited*, 25 N. Y., 175; *Nisbit* v. *Stringer*, 2 Duer, 26; *Linningdale* v. *Livingston*, 10 Johns., 36; *Credit* v. *Brown*, Id., 365; *Hopkins* v. *Smith*, 11 Id., 161; *Dolan* v. *Douglass*, 6 Barb., 451; *Kelsey* v. *Bush*, 2 Hill, 440.) When it is sought to impeach a witness on the ground that he has made statements out of court, which are contrary to what he swore to on the trial, such proof may be made by any competent witness who heard his previous statements. (*Greene* v. *Howard*, 2 Hilt., 434; *Tooker* v. *Gormer*, 2 Id., 71; *Palmer* v. *Haight*, 2 Barb., 210; *Sprague* v. *Cadwell*, 12 Id., 576; *Holmes* v. *Anderson*, 18 Id., 420; *Budlong* v. *Van Nostrand*, 24 Id., 25; *Patchin* v. *The Astor Ins. Co.*, 3 Kern.,

268; *Romertize* v. *East River Bank*, 49 N. Y., 577; *Green-field* v. *People*, 13 Hun, 242; Whart. Law of Ev., § 552; Phillips on Ev., 4 ed., 971.)

*Lewis & Gurney*, and *A. G. Rice*, as counsel for the defendant. It was error to admit the declaration of Willie Taft to his mother, in response to her inquiry as to who it was who brought the letter. (*People* v. *Etz*, 5 Cow., 314; 1 Buller, N. P., 294; *Rex* v. *Parker*, 3 Doug., 242; *Smith* v. *Stickney*, 17 Barb., 489; *Robb* v. *Hackley*, 23 Wend., 50; *Winchell* v. *Latharn*, 6 Cow., 682; *Platner* v. *Platner*, 20 Alb. L. J., 293, Ct. of Appeals; *Rouse* v. *Whited*, 25 N. Y., 170.) It was an error to permit the prosecutor to contradict Mrs. Cox in her answers to questions put by himself, and which did not tend to contradict or discredit any of her testimony in chief. (*Nation* v. *People*, 6 Paige, 258; *Plato* v. *Reynolds*, 27 N. Y., 586; 1 Starkie Ev., 134; *Lawrence* v. *Barker*, 5 Wend., 301; *Harris* v. *Wilson*, 7 Id., 57; *Sauchy* v. *People*, 22 N. Y., 147; *Commonwealth* v. *Welch*, 4 Gray., 535; *Holbrook* v. *Mix*, 1 E. D. Smith, 154; *Muhnish* v. *Collier*, 15 Ad. & El., 378, N. S. [15 Q. B., 878]; 1 Greenleaf, §§ 442, 443, 444, 444 a., 445, and notes.)

SMITH, J.:

The declaration of Willie Cox to his mother was improperly received in evidence. It was mere hearsay. The counsel for the peope argues that it was competent by way of giving the whole of a conversation called out by the cross-examination of the people's witness. Undoubtedly, when a statement forming part of a conversation is given in evidence, whatever was said by the same person, in the same conversation, that would in any way qualify or explain that statement, is also admissible. (*Prince* v. *Samo*, 7 Ad. & El., 627; *Rouse* v. *Whited*, 25 N. Y., 170.) But the rule is inapplicable here. The cross-examination had elicited no statement; the only fact brought out was that Mrs. Taft had inquired of her son, who the person was that handed him the letter—a fact entirely immaterial, except as it tended to show that Mrs. Taft was not certain who the person was, and thus weakened the force of

her positive testimony, that it was the defendant. There was nothing in the testimony which made the answer of Willie competent by way of qualification or explanation. But the proof of his answer, though incompetent, was calculated to operate against the defendant upon a vital issue, and we cannot say that she was not prejudiced by its reception.

We also think the court erred in receiving the evidence of Mrs. Beman and Mrs. Shope, showing declarations of Mrs. Cox contradictory of her testimony given on cross-examination, to the effect that she did not know and had not been told by Anna, that Anna had written a letter on the day the letter was delivered at Taft's. It was undoubtedly competent for the prosecution to prove that Anna had written a letter on that day, if the fact was so, but when they undertook to prove it by the defendant's witness, they made the witness their own for that purpose. And having failed to prove the fact by her testimony, it is difficult to see upon what principle they were authorized to show that she had asserted the fact on previous occasions, when she was not under oath. It is insisted by the counsel for the people, that as the contradictory statements of the witness related to a matter which was relevant to the issue, they were competent by way of impeaching her testimony. But the statements did not contradict anything the witness had testified to on her direct examination. The fact to which they related, to wit, the writing of a letter by Anna on the day referred to, although pertinent to the issue, was new and independent matter, not touched upon in the direct examination of the witness, and the burden of proving it rested on the prosecution. The rule, as stated in the books, that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony, does not, by any means, imply that a witness may be cross-examined, for such purpose, as to every fact which is relevant to the issue. The right of cross-examination, for such purpose, is limited to those matters which tend to contradict, discredit, vary, qualify, or explain the testimony given by the witness on direct examination. In the leading case of *The Attorney-General* v. *Hitchcock* (1 Exch., 91), the rule was stated as follows by ALDERSON,

B.: "A witness may be asked any question which, if answered, would qualify or contradict some previous part of that witness's testimony, given on the trial of the issue; and if that question is so put to him and answered, the opposite party may then contradict him, and for this simple reason, that the contradiction qualifies or contradicts the previous part of the witness's testimony, and so removes it." The reported cases, so far as we are acquainted with them, are consistent with the rule, and the reason of it, stated by Baron ALDERSON. That WHARTON, in his Law of Evidence (§ 552), cited by the counsel for the prosecution, did not intend to state a different or broader rule than this, is apparent, we think, from his language and the cases cited by him. In one of them (*Hogan* v. *Cregan*, 6 Robt., 138), the action was for seduction of the plaintiff's daughter. The daughter was called as a witness for the plaintiff, and on cross-examination she having denied certain alleged acts of intimacy with Campbell and Dougherty, the defendant was permitted to interrogate the latter persons as to those matters. *Held*, not error. *The Commonwealth* v. *Bean* (111 Mass., 438), was an indictment for an indecent assault upon A. B. A. B. having testified that defendant took indecent liberties with her person on a day when he took her to drive, and, upon cross-examination, that, on a subsequent day, she did not tell the defendant that she would kiss him if he would take her to drive, it was held that the defendant might show that she did so tell him. In each of these cases the fact to which the contradiction related tended to discredit the witness. So, in *Thomas* v. *David* (7 Carr. & Payne, 350, cited by PHILLIPS in his Treatise on Evidence, vol. 2 [4th Am. Ed.], with Cow. & H. Notes, p. 971). The case of *Greenfield* v. *People* (13 Hun, 244), was not intended to be carried beyond the above authorities, some of which are therein cited. In *State* v. *Patterson* (2 Ired. L., 346), a witness on the part of the State on cross-examination was asked whether the prosecutor had not paid him for coming from another State to be a witness, and answered that he had not. *Held*, that it was incompetent for the defendant to introduce witnesses to prove his declaration that he had been so paid.

If Mrs. Cox had testified on direct examination that Anna did not write a letter on the day referred to, it would have been compe-

tent to contradict her, as the fact was material; but as the only testimony given by her on that subject was elicited on her cross-examination, and did not bear upon her previous testimony, it did not furnish a foundation for the introduction of proof that she had made contradictory statements.

The conviction should be reversed, and the proceedings remitted to the Erie sessions, with instructions for a new trial.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.